UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:10CV-P131-S

ALBERTO J. SANTIAGO, SR.                                        PLAINTIFF

v.

COOKIE CREWS *et al.*                                           DEFENDANTS

## MEMORANDUM OPINION

Plaintiff commenced this action by filing a handwritten "motion for writ of prohibition." It appeared that Plaintiff was attempting to commence a conditions-of-confinement case based on what he perceived to be violations of his constitutional rights by prison officials. Upon review, the Court determined that this case was one that would benefit from use of the Court's pre-approved form. By Ordered entered March 17, 2010, the Court ordered Plaintiff to restate his complaint using the Court-approved form and file it with the Court. Plaintiff was given thirty days to comply. He was warned that failure to do so or to show good cause within the allotted time would result in dismissal of this action. Well over thirty days have passed with Plaintiff not having filed a response to the Court's Order.

Although courts should construe the pleadings of a *pro se* litigant liberally, it is within a court's discretion to require *pro se* litigants to use its pre-approved forms. *See Daily v. Municipality of Adams County*, 117 F. App'x 669, 672 (10th Cir. 2004). Federal Rule of Civil Procedure 83 allows local rules imposing form requirements to be enforced unless the failure to comply is "nonwillful." Fed. R. Civ. P. 83(a)(2). Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily

understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, Plaintiff's failure to comply with the Court's Order shows a failure to pursue his case that is willful. Therefore, by separate Order, the Court will dismiss the instant action.

Date:

cc: Plaintiff, *pro se*
4411.008